1  Brendan Y. Joy (SBN 254959)
       E-Mail: bjoy@fisherphillips.com
2  Marianna Bertikian (SBN 322596)
       E-Mail: mbertikian@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
   Telephone: (213) 330-4500
5  Facsimile:  (213) 330-4501

6  Attorneys for Defendant
   BELCAN SERVICES GROUP LIMITED
7  PARTNERSHIP

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| PAMELA MARTINEZ,<br><br>   Plaintiff,<br><br> v.<br><br>PPG INDUSTRIES INC.; BELCAN SERVICES GROUP LIMITED PARTNERSHIP; DOES 1 through 20,<br><br>   Defendants. | Case No:<br><br>*[Removed from Los Angeles County Superior Court, Case No. 21STCV29111]*<br><br>**DEFENDANT BELCAN SERVICES GROUP LIMITED PARTNERSHIP'S NOTICE OF FILING OF NOTICE OF REMOVAL**<br><br>Complaint Filed: August 6, 2021<br>Trial Date:   TBD |
|---|---|

**TO PLAINTIFF, HER COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant BELCAN SERVICES GROUP LIMITED PARTNERSHIP ("Belcan"), by and through its counsel of record, hereby submits this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove this action from the Superior Court of the State of California, in and for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b). Defendant PPG Industries, Inc. ("PPG") is concurrently filing a joinder with this removal, and therefore all named defendants seek removal to federal court. The grounds for removal are as follows:

## I. PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1. Plaintiff Pamela Martinez ("Martinez") filed a civil action in the Los Angeles Superior Court on August 6, 2021 entitled *Pamela Martinez v. PPG Industries, Inc., et al.*, Case No. 21STCV29111 ("State Lawsuit"). *See* Declaration of Marianna Bertikian ("Bertikian Decl."), ¶ 2, **Exhibit A**.

2. On August 11, 2021, Martinez served Belcan and PPG with the Summons and Complaint. *See* Bertikian Decl., ¶ 3, **Exhibit B**.

3. On September 9, 2021, Belcan filed its answer in the Superior Court of the State of California, County of Los Angeles. *See* Bertikian Decl., ¶ 4, **Exhibit C**.

4. As of the date of this Notice of Removal, no other processes, pleadings, and/or orders were served upon Belcan in the State Lawsuit.

5. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the state court action is based. *See* 28 U.S.C. § 1446(b)(3).

## II. JURISDICTION

6. This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## III. GROUNDS FOR REMOVAL

### A. Diversity of Citizenship

7. **Citizenship of Martinez.** For diversity purposes, a person is a "citizen" of the state in which she is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Martinez alleges that in her State Complaint that she is a citizen of the State of California. (*See* Bertikian Decl., **Exhibit A**, Compl. ¶ 1, "Plaintiff is and at all times herein relevant was an individual residing in the County of Los Angeles, State of California and a citizen of California.") Nothing in the State Complaint or other pleadings suggest otherwise. Accordingly, Martinez is domiciled in and is a citizen of the State of California.

8. **Citizenship of Belcan**. "[A] partnership is a citizen of all of the states of which its partners are citizens[.]" *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the time this action was filed and at the

1  time this Notice of Removal was filed, Belcan was, and is, a limited partnership
2  that was formed in Ohio. (Declaration of Paul D. Dorger ("Dorger Decl.") ¶ 3.) At
3  the time this action was filed and at the time this Notice of Removal was filed the
4  partnership consisted of two partners, Belcan Engineering Group, LLC, an Ohio
5  limited liability company, and Belcan Services Group Holdings, LLC, a Delaware
6  limited liability company. *Id.* Both partners had and currently have their principal
7  place of business in Ohio. *Id.* None of the partners making up Belcan Engineering
8  Group, LLC and/or Belcan Services Group Holdings, LLC are citizens of
9  California. *Id.* Belcan also maintains its principal place of business at 10150 Carver
10 Road, Cincinnati, Ohio 45242. *Id.* Belcan controls, directs, and coordinates the
11 company's business activities from its headquarters. *Id.* The majority of Belcan
12 Services Group Limited Partnership officers and other members of management
13 who direct, control, and coordinate its operations are located in Ohio and outside
14 of the state of California. *Id.* As a result, nearly all of its corporate decisions are
15 made in Ohio and outside of the state of California, including operational,
16 executive, administrative, and policymaking decisions. *Id.* Accordingly, Belcan is
17 a citizen of Ohio and Delaware. *See* 28 U.S.C. § 1332(c)(1).

18        9.    **Citizenship of PPG**. For diversity purposes, a corporation is deemed
19 to be a citizen of the state in which it has been incorporated and where it has its
20 principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place
21 of business" "refers to the place where the corporation's high-level officers direct,
22 control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559
23 U.S. 77, 80 (U.S. 2010). This is the corporation's "nerve center." *Id.* at 1181. "[I]n
24 practice [this] should normally be the place where the corporation maintains its
25 headquarters." *Id*. at 93. The "nerve center" analysis focuses on the place at which
26 the corporation's executive and administrative functions are conducted. *See Indus.*
27 *Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also*
28 *State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989)

(determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made). At the time this action was filed and at the time this Notice of Removal was filed, PPG was, and is, incorporated in the State of Pennsylvania. (*See* Declaration of Sewar AbuNuwar ("AbuNuwar Decl.") ¶ 2.) In addition, PPG's nerve center, including its headquarters, as well as the chief officers' other members of management who direct, control, and coordinate its operations are located in Pennsylvania. *Id*. at ¶ 3; *Hertz Corp.,* 130 U.S. at 1 192-93 (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Accordingly, PPG is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

10. **Citizenship of Doe Defendants.** The State Complaint also names as Defendants DOES 1 through 20 ("DOE Defendants"). (Bertikian Decl., **Exhibit A,** Compl. ¶ 4). The twenty "Doe" Defendants named in the State Complaint are not considered in assessing diversity. *See, e.g., Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690 91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

11. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

B. **Amount in Controversy**

12. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

13. Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount

in controversy exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

### Allegations and Facts Relevant to the Amount in Controversy

14. While Belcan denies liability as to Martinez's claims, based upon the allegations contained in the State Complaint, the amount of controversy in this action exceeds $75,000.00, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal. *See Kanter, supra*, 265 F.3d at 857 (9th Cir. 2001)(examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

15. Belcan employed Martinez in a temporary contract position and assigned her to work at Belcan's customer, PPG, as a customer service representative earning $21.00. (*See* Bertikian Decl., **Exhibit A,** Compl. ¶ 8; Declaration of Valerie J. Brown ("Brown Decl.") ¶ 3.)

16. Martinez alleges that Belcan terminated her employment in November of 2020 "because of her pregnancy, requests for a leave of absence, requests for accommodations, for taking a leave of absence, and because she was going to take protected leaves of absence and request[] accommodations." (Bertikian Decl., **Exhibit A,** Compl. ¶ 11.)

17. Martinez asserts that as a result of her allegedly unlawful termination she has suffered and will continue to suffer lost earnings, emotional distress, humiliation, mental anguish, embarrassment, and manifestation of physical symptoms. (*Id.* ¶¶ 16-17, 22-23, 29-30, 36-37, 44-45, 51-52, 59-60, 66-67, 73-74, 81-82, 90-91.)

18. Martinez worked approximately 40 hours a week. (Brown Decl., ¶ 3.)

19. Martinez accuses Belcan of acting "in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for [her] rights and safety." (Bertikian Decl., **Exhibit A,** Compl. ¶¶ 19, 25, 32, 39, 47, 54, 62, 69, 76, 84, 92.)

20. Martinez' Complaint purports to assert causes of action for Pregnancy and Sex Discrimination (Count I), Retaliation (Count II), Failure to Accommodate, Provide Leave, and Reinstate (Count III), Interfere with Restraint of, and Denial of Rights (Count IV), CFRA Rights Retaliation (Count V), Violation of CFRA Rights (Count VI), Disability Discrimination (Count VII), Failure to Accommodate Disability (Count VIII), Failure to Engage in the Interactive Process (Count VIIII), Failure to Prevent Discrimination (Count X), Wrongful Termination in Violation of Public Policy (Count XI), and Declaratory Relief (Count XII). (Bertikian Decl., **Exhibit A,** Compl.) Martinez seeks economic and non-economic damages, exemplary and punitive damages, and attorneys' fees.[1] (*Id.*, **Exhibit A,** Compl.,

---

[1] Belcan does not concede that Martinez has stated a claim on which relief can be granted, that she suffered any damages, or that Belcan is responsible for any damages she may have suffered. Belcan reserves all defenses.

Prayer for Relief.)

## The Amount in Controversy Exceeds $75,000

21.     The jurisdictional threshold for removal of $75,000 is satisfied in this case independently and in the aggregate through Martinez's claims for lost wages, front pay, emotional distress damages, punitive damages, and attorneys' fees.

22.     First, Martinez's claim for backpay is as follows: Martinez's approximate weekly compensation before her alleged termination was $840 (calculated at 40 hours a week X $21.00 an hour). Between the date of her alleged termination (November 2020) and the date of this Notice of Removal, 45 weeks have passed. Accordingly, Martinez's backpay claim is $37,800 (calculated as $840 over 45 weeks). *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

23.     Second, Martinez's potential front pay damages may be considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417-18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."). Such damages can include pay for multiple years of employment. *See, e.g., Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Even assuming Martinez only obtains three years of front pay damages, this would amount to $131,040 (52 weeks X 3 years X $840 per week). Thus, Martinez's front pay claim exceeds the

threshold amount in controversy for diversity jurisdiction.

24. Third, Martinez's allegations of emotional distress damages may be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Martinez's alleged emotional injuries include humiliation, mental anguish, embarrassment, and manifestation of physical symptoms. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Martinez's claim

for emotional distress injuries establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial).

25. Fourth, Martinez's claim for punitive damages may be considered when assessing the amount in controversy. Employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Martinez's punitive damages claim establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

26. Finally, Martinez has demanded attorneys' fees, which are recoverable under the statues on which he has sued. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in

controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). A reasonable estimation of an attorneys' fee award in this case easily exceeds $75,000. *See Lafever v. Acosta, Inc.*, No. C10-01782 BZ, 2011 WL 5416650, at *6 (N.D. Cal. Nov. 8, 2011) (awarding attorneys' fees of $548,243 to successful plaintiff in FEHA case); *Hamed v. Macy's W. Stores, Inc.*, No. CV 10-2790 JCS, 2011 WL 5183856, at *1 (N.D. Cal. Oct. 31, 2011) (awarding $463,401 in attorneys' fees to plaintiff who obtained a jury verdict of approximately $100,000 on FEHA age discrimination claim); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees of $735,500 to partially successful plaintiff in FEHA case); *Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

27. Martinez's claims for damages independently, and, in the aggregate demonstrate that the amount in controversy in this case exceeds $75,000. Accordingly, removal is appropriate.

### IV. PROCEDURAL PREREQUISITES

28. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Los Angeles County Superior Court, where the action was filed.

29. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles and served upon Martinez's counsel of record.

30. Pursuant to 28 U.S.C. section 1391(b)(2), venue is proper in the United States District Court for the Central District of California.

31.     This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

32.     In filing this notice, Belcan does not waive any defenses.

## V.     **CONCLUSION**

Accordingly, Belcan respectfully requests that this action be removed to this Court and that it be placed on the docket of this Court for all further proceedings.

Dated:  September 10, 2021                    Respectfully submitted,

                                                      FISHER & PHILLIPS LLP

                                   By:     */s/ Marianna Bertikian*
                                             Brendan Y. Joy
                                             Marianna Bertikian
                                             Attorneys for Defendant
                                             BELCAN SERVICES GROUP
                                             LIMITED PARTNERSHIP

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 10, 2021, I served the foregoing document entitled **DEFENDANT BELCAN SERVICES GROUP LIMITED PARTNERSHIP'S NOTICE OF FILING OF NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Nicolas Orihuela, Esq.<br>Cory H. Hurwitz, Esq.<br>**HURWITZ, ORIHUELA & HAYES, LLP**<br>5757 Wilshire Blvd., Suite 503<br>Los Angeles, CA 90036 | *Attorneys for Plaintiff Pamela Martinez*<br><br>Email:  no@hohlawyers.com<br>           chh@hohlawyers.com |
| Criag G. Staub, Esq.<br>Joseph A. Govea, Esq.<br>**LITTLER MENDELSON, P.C.**<br>633 W. 5th St., 63rd Floor<br>Los Angeles, CA 90071 | *Attorneys for Defendant PPG Industries, Inc.*<br><br>Email:  cstaub@littler.com<br>           jgovea@littler.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 10, 2021 at Los Angeles, California.

Cina Kim                                           By: */s/ Cina Kim*
Print Name                                                    Signature