Brendan Y. Joy (SBN 254959)
    E-Mail: bjoy@fisherphillips.com
Marianna Bertikian (SBN 322596)
    E-Mail: mbertikian@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
BELCAN SERVICES GROUP LIMITED
PARTNERSHIP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MARTINEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>PPG INDUSTRIES INC.; BELCAN SERVICES GROUP LIMITED PARTNERSHIP; DOES 1 through 20,<br><br>                    Defendants. | Case No:<br><br>*[Removed from Los Angeles County Superior Court, Case No. 21STCV29111]*<br><br>**DECLARATION OF MARIANNA BERTIKIAN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed:  August 6, 2021<br>Trial Date:          TBD |

## <u>DECLARATION OF MARIANNA BERTIKIAN</u>

I, Marianna Bertikian, hereby declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California. I am an associate with Fisher & Phillips LLP, counsel of record for Defendant BELCAN SERVICES GROUP LIMITED PARTNERSHIP ("Belcan").  Based on my personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.      Plaintiff Pamela Martinez ("Martinez") filed a civil action in the Los Angeles Superior Court on August 6, 2021 entitled *Pamela Martinez v. PPG Industries, Inc., et al.*, Case No. 21STCV29111 ("State Lawsuit").  A true and correct copy of Martinez's summons and complaint are attached hereto as **Exhibit A**.

3.      On August 11, 2021, Martinez served Belcan and Defendant PPG Industries, Inc. ("PPG") with the Summons and Complaint and related papers. True and correct copies of the proofs of service filed in the State Lawsuit are attached hereto as **Exhibit B**.

4.      On September 9, 2021, Belcan filed its Answer in the Superior Court of the State of California, County of Los Angeles.  A true and correct copy Belcan's Answer is attached hereto as **Exhibit C**.

5.      True and correct copies of all remaining documents filed in state court are attached hereto as **Exhibit D**.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on September 10, 2021, at Los Angeles, California.

*/s/ Marianna Bertikian*
Marianna Bertikian

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2021 04:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV29111

#94809

**SUMMONS**

*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PPG INDUSTRIES, INC.; BELCAN SERVICES GROUP LIMITED PARTNERSHIP; DOES 1
through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAMELA MARTINEZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court 111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):* 21STCV29111 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicolas Orihuela. 5757 Wilshire Blvd. Suite 503, Los Angeles, California 90036. (323) 965-2103.

| DATE: *(Fecha)* 08/06/2021 Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   BELCAN SERVICES GROUP LIMITED PARTNERSHIP

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2021 04:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:21-cv-07277-ODW-JC   Document 1-1   Filed 09/10/21   Page 5 of 65   Page ID #:18

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Kevin Brazile

1  HURWITZ, ORIHUELA & HAYES, LLP
   Nicolas Orihuela (Bar No. 221898)
2      no@hohlawyers.com
   Cory H. Hurwitz (Bar No. 222026)
3      chh@hohlawyers.com
   5757 Wilshire Blvd, Suite 503
4  Los Angeles, California 90036
   Telephone: (323) 965-2103
5  Facsimile: (323) 965-2146

6  Attorneys for Plaintiff Pamela Martinez

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)**

10

| PAMELA MARTINEZ, | Case No. 21STCV29111 |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) PREGNANCY AND SEX DISCRIMINATION;** |
| PPG INDUSTRIES INC.; BELCAN SERVICES GROUP LIMITED PARTNERSHIP; DOES 1 through 20, | **(2) RETALIATION (PROTECTED ACTIVITY);** |
| Defendants. | **(3) FAILURE TO ACCOMMODATE, PROVIDE LEAVE, AND REINSTATE;** |
| | **(4) INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF RIGHTS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12945(a)(4);** |
| | **(5) CFRA RIGHTS RETALIATION;** |
| | **(6) VIOLATION OF CFRA RIGHTS;** |
| | **(7) DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12940(a);** |
| | **(8) FAILURE TO ACCOMMODATE DISABILITY (CAL. GOV. CODE § 12940(m), (n));** |
| | **(9) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (CAL. GOV. CODE § 12940(n)FAILURE TO PREVENT DISCRIMINATION;** |
| | **(10)   FAILURE TO PREVENT DISCRIMINATION;** |
| | **(11)   WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | **(12)   DECLARATORY RELIEF.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Pamela Martinez ("Plaintiff" or "Ms. Martinez") alleges as follows:

## **GENERAL ALLEGATIONS**

1.     Plaintiff is and at all times herein relevant was an individual residing in the County of Los Angeles, State of California and a citizen of California..

2.     Defendant PPG Industries, Inc. ("PPG") is a corporate entity and doing business in the City and County of Los Angeles, California

3.     Belcan Services Group Limited Partnership ("Belcan") is a business entity of form unknown and doing business in the City and County of Los Angeles, California.

4.     The true names and capacities of defendants Does 1 through 20, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time and Plaintiff will seek leave of Court to amend this Complaint to identify their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiff as alleged herein.

5.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each of the defendants are legally attributable to the other defendants.

6.     Plaintiff is informed and believe, and based thereon alleges, that each of the defendants was the agent, servant, and/or employee of each of the other co-defendants, and in doing the things alleged, acted in the course and scope of such agency and/or employment.

7.     Plaintiff is informed and believes, and based thereon alleges, that all Defendants were in a co-employer relationship for all relevant purposes described in this Complaint and were joint-employers and/or constituted an integrated enterprise.

## **FACTUAL ALLEGATIONS**

8.     Ms. Martinez began her employment with PPG and Belcan (collectively

"Employers") in approximately April 2019.  Ms. Martinez worked as a Customer Service Representative earning $21 per hour.  Ms. Martinez was a good and dedicated employee who received positive feedback on her performance.

9.     As of October 2020 Ms. Martinez was pregnant.  Her pregnancy was considered high risk and she was also suffering from gestational diabetes.  In light of pregnancy related disabilities, Ms. Martinez requested from Employers a pregnancy disability related leave of absence.  She was also planning to take maternity leave to bond with her newborn after she gave birth.

10.     Ms. Martinez leave of absence began in approximately mid-October 2020 and initially was supposed to last through at least mid-January 2021 – it was eventually extended because of Post-Partum Depression / Mood Disturbance and related disabilities.

11.     Employers terminated Ms. Martinez's employment in approximately November 2020, shortly after she started her leave of absence.  Even though Ms. Martinez was on a protected leave of absence, Employers retaliated against and unlawfully terminated her employment because of her pregnancy, requests for a leave of absence, requests for accommodations, and for taking a leave of absence, and because she was going to take protected leaves of absence and requests accommodations.   Belcan also failed to prevent discrimination and failed to assign her to new job openings.

12.     Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with the applicable sections of the California Government Code, and received and served the right-to-sue letter regarding her claims.

## FIRST CAUSE OF ACTION

**PREGNANCY AND SEX DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 *ET SEQ.***

[Against all Defendants]

13.     Plaintiff hereby incorporates by reference each and every allegation contained in

1   this complaint as though fully set forth herein.

2       14.    At all times herein mentioned, sections 12940 *et seq.* of the California Government

3   Code were in full force and effect and were binding on Defendants.  Under sections 12940 *et seq.*

4   of the California Government Code, it is an unlawful employment practice for an employer

5   because of the sex and/or pregnancy of a person, to refuse to hire or employ the person, to refuse

6   to select the person for a training program leading to employment, to bar or discharge the person

7   from employment or from a training program leading to employment, or to discriminate against

8   the person in compensation or in terms, conditions, or privileges of employment.

9       15.    As a direct, legal, and proximate result of Plaintiff's sex and/or pregnancy,

10  Defendants discriminated against Plaintiff in the compensation, terms, conditions, and privileges

11  of employment, failed to rehire her, failed to assign her work, and terminated Plaintiff's

12  employment, among other things.

13      16.    As a proximate result of the aforesaid acts of Defendants, and each of them,

14  Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, all in an

15  amount subject to proof at the time of trial.

16      17.    As a proximate result of the wrongful acts of Defendants, and each of them,

17  Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

18  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

19  believes and thereupon alleges that she will continue to experience said physical and emotional

20  suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

21  the time of trial.

22      18.    Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

23  the California Government Code and other applicable law.

24      19.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

25  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

26  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

27  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

28  and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

1    punitive damages against each of said Defendants.

2

3                    **SECOND CAUSE OF ACTION**

4                    **RETALIATION IN VIOLATION OF**

5    **CALIFORNIA GOVERNMENT CODE §§ 12940 *ET SEQ.***

6                    [Against all Defendants]

7            20.     Plaintiff hereby incorporates by reference each and every allegation contained in

8    this complaint as though fully set forth herein.

9            21.     At all relevant times herein and in violation of sections 12940 *et seq.* of the

10   California Government Code, Defendants and each of them, and/or their agents/employees,

11   retaliated against Plaintiff by adversely affecting Plaintiff's employment after she notified

12   Defendants of her disability, took a leave of absence for medical reasons and her disabilities,

13   requested accommodations and a leave of absence, and/or opposed Defendants' discriminatory

14   acts.  Defendants' conduct as alleged above constituted unlawful retaliation in employment on

15   account of Plaintiff's protected activity in violation of section 12940(h) and (m) of the California

16   Government Code.

17           22.     As a proximate result of the aforesaid acts of Defendants, and each of them,

18   Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, all in an

19   amount subject to proof at the time of trial.

20           23.     As a proximate result of the wrongful acts of Defendants, and each of them,

21   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

22   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

23   believes and thereupon alleges that she will continue to experience said physical and emotional

24   suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

25   the time of trial.

26           24.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

27   the California Government Code and other applicable law.

28           25.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

1   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

2   egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

3   Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

4   and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

5   punitive damages against each of said Defendants.

6

7                          **THIRD CAUSE OF ACTION**

8      **FAILURE TO ACCOMMODATE, PROVIDE LEAVE, AND REINSTATE IN**

9      **VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12945 *ET SEQ.***

10                          [Against all Defendants]

11          26.     Plaintiff hereby incorporates by reference each and every allegation contained in

12   this complaint as though fully set forth herein.

13          27.     At all times mentioned herein, sections 12945 *et seq*. of the California Government

14   Code were in full force and effect and were binding upon Defendants and each of them.  These

15   sections impose on an employer a duty to allow an employee disabled by pregnancy, childbirth, or

16   related medical conditions to take a leave from work and be permitted to return to work.  These

17   sections also impose a duty to provide reasonable accommodations for conditions related to

18   pregnancy, childbirth, or related medical conditions.

19          28.     During her employment, Plaintiff informed Defendants that she was pregnant and

20   requested an accommodation and leave of absence related to her pregnancy.  As alleged above,

21   Defendants interfered with and failed to provide Plaintiff with accommodations and a leave of

22   absence due to her pregnancy, childbirth, or related medical conditions, and refused to reinstate

23   her in violation of section 12945 *et seq*. of the California Government Code and related

24   regulations.  Instead, Defendants terminated Plaintiff's employment, refused to provide shifts,

25   refused to rehire her, refused to assign her to a new job, and otherwise discriminated her, to avoid

26   accommodating, providing a leave to, and reinstating Plaintiff as required by law.

27          29.     As a proximate result of the aforesaid acts of Defendants, and each of them,

28   Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, all in an

1    amount subject to proof at the time of trial.

2        30.    As a proximate result of the wrongful acts of Defendants, and each of them,

3    Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

4    embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

5    believes and thereupon alleges that she will continue to experience said physical and emotional

6    suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

7    the time of trial, but not less than five hundred thousand dollars.

8        31.    Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

9    the California Government Code.

10       32.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

11   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

12   egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

13   Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

14   and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

15   punitive damages against each of said Defendants.

16

17                              **FOURTH CAUSE OF ACTION**

18        **INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF THE EXERCISE OF**

19        **RIGHTS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12945(a)(4)**

20                                     **[RETALIATION]**

21                                  [Against all Defendants]

22       33.    Plaintiff hereby incorporates by reference each and every allegation contained in

23   this complaint as though fully set forth herein.

24       34.    During Plaintiff's pregnancy, Plaintiff requested an accommodation and leave of

25   absence and/or attempted to do so related to her pregnancy disability.

26       35.    Defendants' retaliation, interference with and failure to provide Plaintiff with a

27   leave and an accommodation as described in this Complaint violates the California Fair

28   Employment and Housing Act as promulgated in sections 12945 *et seq*. of the California

1  Government Code and other law.  To avoid providing leaves of absence and accommodations as

2  required by law, Defendants retaliated against Plaintiff, terminated Plaintiff's employment,

3  refused to rehire her, failed to assign her work, among other things.

4        36.     As a proximate result of the aforesaid acts of Defendants, and each of them,

5  Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, all in an

6  amount subject to proof at the time of trial.

7        37.     As a proximate result of the wrongful acts of Defendants, and each of them,

8  Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

9  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

10  believes and thereupon alleges that she will continue to experience said physical and emotional

11  suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

12  the time of trial, but in an amount not less than five hundred thousand dollars.

13        38.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

14  the California Government Code.

15        39.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

16  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

17  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

18  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

19  and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

20  punitive damages against each of said Defendants.

21

22                                  **FIFTH CAUSE OF ACTION**

23                                  **CFRA RIGHTS RETALIATION**

24                                    [Against all Defendants]

25        40.     Plaintiff hereby incorporates by reference each and every allegation contained in

26  this complaint as though fully set forth herein.

27        41.     Plaintiff requested and/or was going to request protected leaves of absences in 2020

28  and/or 2021.

42.     According to section 12945.2(k)(1) of the California Government Code, "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because" of an "individual's exercise of the right to family care and medical leave."  According to 2 C.C.R. § 11089(a)(2), "It is an unlawful employment practice for an employer, after granting a requested CFRA leave, to refuse to reinstate the employee to the same or a comparable position at the end of the leave, unless the refusal is justified by the defenses stated in section 11089(d)."   Also, Defendants are equitably estopped from arguing that Plaintiff was not eligible for a leave.

43.     At all relevant times herein, Defendants and each of them, retaliated and discriminated against Plaintiff after she exercised her right to take time off for family care and medical leave, or because she was going to do so, by refusing to reinstate Plaintiff, and terminating her employment, and refusing to assign her to a new job, among other things.  Defendants' conduct as alleged above constituted unlawful retaliation.

44.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, all in an amount subject to proof at the time of trial.

45.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial, but in an amount not less than five hundred thousand dollars.

46.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code.

47.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and

1    ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

2    punitive damages against each of said Defendants.

3

4                                    **SIXTH CAUSE OF ACTION**

5                                    **VIOLATION OF CFRA RIGHTS**

6                                         [Against all Defendants]

7          48.      Plaintiff hereby incorporates by reference each and every allegation contained in

8    this complaint as though fully set forth herein.

9          49.      After Plaintiff gave birth to her bay, Plaintiff requested, or was going to request,

10   time off for family care and medical leave.  Plaintiff was entitled to leave pursuant to sections

11   12945.2 *et seq*. of the California Government Code.  Also, Defendants are equitably estopped from

12   arguing that Plaintiff was not eligible for a leave.

13         50.      Defendants' refusal and failure to provide Plaintiff with leave and interference with

14   Plaintiff's rights as described in this Complaint violates the California Fair Employment and

15   Housing Act as promulgated in sections 12945.2 *et seq*. of the California Government Code and

16   other law.

17         51.      As a proximate result of the aforesaid acts of Defendants, and each of them,

18   Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, all in an

19   amount subject to proof at the time of trial.

20         52.      As a proximate result of the wrongful acts of Defendants, and each of them,

21   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

22   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

23   believes and thereupon alleges that she will continue to experience said physical and emotional

24   suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

25   the time of trial, but in an amount not less than five hundred thousand dollars.

26         53.      Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

27   the California Government Code.

28         54.      The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

## SEVENTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION

[Against all Defendants]

55.     Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

56.     At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940(a), was in full force and effect and binding on Defendants.  These statutes required Defendants to refrain from discriminating and/or harassing against any employee on the basis of a physical and/or mental disability, or perceived disability.

57.     Plaintiff suffered from a disability as defined by FEHA and as discussed above. Despite this, Plaintiff was able to perform the essential functions of her employment position with Defendants both with and without reasonable accommodation.

58.     Plaintiff believes and thereon alleges that her disabilities, and perceived disabilities, were a substantial motivating reason in Defendants' decision to terminate Plaintiff's employment, refused to assign her to a job, refused to rehire her, among other things.

59.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, loss of salary, wages and benefits, all in an amount subject to proof at the time of trial.

60.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

1  suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

2  the time of trial.

3       61.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

4  the California Government Code and other applicable law.

5       62.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

6  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

7  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

8  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

9  and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

10 punitive damages against each of said Defendants.

11

12                        **EIGHTH CAUSE OF ACTION**

13  **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF CALIFORNIA**

14                     **GOVERNMENT CODE § 12940(m)**

15                          [Against all Defendants]

16       63.     Plaintiff hereby incorporates by reference each and every allegation contained in

17  this complaint as though fully set forth herein.

18       64.     At all times herein mentioned, California Government Code section 12940(m),

19  was in full force and effect and binding on Defendants.  This statute affirmed Defendants' duty

20  to make reasonable accommodations for the physical and/or mental disabilities of Plaintiff.  This

21  statute further requires Defendants to engage in an interactive process to reach a reasonable

22  accommodation for an employee's disability.

23       65.     Plaintiff alleges that Defendants failed to accommodate her disabilities.  Plaintiff

24  further alleges that Defendants failed to engage in an interactive process to reach an

25  accommodation concerning Plaintiff's disabilities.  Plaintiff believes and thereon alleges that her

26  request to Defendants for an accommodation concerning her disabilities was a substantial

27  motivating reason for Defendants' decision to terminate Plaintiff's employment, refused to

28  assign her work, refused to rehire her, among other things.  Instead of accommodating Plaintiff,

1   Defendants terminated the employment of Plaintiff, refused to assign her a job, refused to rehire

2   her, among other things.

3       66.     As a proximate result of the aforesaid acts of Defendants, and each of them,

4   Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits.

5       67.     As a proximate result of the wrongful acts of Defendants, and each of them,

6   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

7   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

8   believes and thereupon alleges that she will continue to experience said physical and emotional

9   suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

10  the time of trial.

11      68.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of

12  the California Government Code and other applicable law.

13      69.     The acts taken toward Plaintiff were carried out Defendants' officers, directors,

14  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

15  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

16  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

17  and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

18  punitive damages against each of said Defendants.

19

20                    **NINTH CAUSE OF ACTION**

21      **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF**

22                **CALIFORNIA GOVERNMENT CODE § 12940(n)**

23                        [Against all Defendants]

24      70.     Plaintiff hereby incorporates by reference each and every allegation contained in

25  this complaint as though fully set forth herein.

26      71.     At all times herein mentioned, California Government Code section 12940(n),

27  was in full force and effect and binding on Defendants.  This statute required Defendants to

28  engage in an interactive process in assessing an employee's physical and/or mental disability in

---

13
COMPLAINT

order to provide an accommodation.  Section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective accommodations, if any, in response to a request for an accommodation by an employee with a disability.

72.     During her employment, Plaintiff suffered from disabilities which were known to Defendants.  Defendants, however, failed to engage in the interactive process with Plaintiff.  Instead, Defendants terminated Plaintiff's employment, refused to assign her a job, refused to rehire her, among other things.

73.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, loss of salary, wages, and benefits, but not less than five-hundred-thousand-dollars.

74.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

76.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

**TENTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA**

**GOVERNMENT CODE § 12940(k)**

[Against all Defendants]

77.     Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

78.     At all times mentioned herein, sections 12940 *et seq.* of the California Government Code, including but not limited to sections 12940(k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

79.     Defendants failed to take immediate and appropriate corrective action to end the discrimination.  Defendants also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

80.     In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take all reasonable steps necessary to prevent discrimination from occurring, Defendants violated California law, causing Plaintiff to suffer damages as set forth above.

81.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered loss of wages, salary and benefits, all in an amount subject to proof at the time of trial.

82.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

83.     As a proximate result of the wrongful acts of Defendants, and each of them,

1    Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

2    expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled

3    to recover attorneys' fees and costs under section 12965(b) of the California Government Code.

4        84.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

5    and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

6    egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.

7    Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

8    and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of

9    punitive damages against each of said Defendants.

10

11                          **ELEVENTH CAUSE OF ACTION**

12        **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

13                              [Against all Defendants]

14        85.    Plaintiff hereby incorporates by reference each and every allegation contained in

15   this complaint as though fully set forth herein.

16        86.    At all times mentioned, the public policy of the State of California, as codified,

17   expressed and mandated in sections 12940 *et seq.* 12945 *et seq.* and 12945.2 *et seq.* of the

18   California Government Code and related regulations, is to prohibit employers from discriminating,

19   terminating, harassing and retaliating against any individual on the basis of a disability, sex and/or

20   pregnancy, for attending a doctor's appointment related to pregnancy, for having requested a leave

21   and/or accommodation because of pregnancy, disability / perceived disability, medical condition,

22   for having requested and/or taken a leave of absence for medical reasons or a disability, for having

23   taken a leave of absence for a medical reason or disability, or for taking or because they are going

24   to request a protected leave of absence, among other things.  California also maintains

25   fundamental public policies requiring accommodations and leaves of absence for pregnant women.

26   This public policy of the State of California is designed to protect all employees and to promote

27   the welfare and well being of the community at large.  Accordingly, the actions of Defendants, and

28   each of them, as described above wrongful and in contravention of the express public policy of the

State of California, as expressed, without limitation in sections 12940 *et seq.* 12945 *et seq.* and 12945.2 *et seq.* of the California Government Code and the laws and regulations promulgated thereunder.

87.     Additionally, at all times, the California Constitution, Article I, Section 8, was in full force and effect and was binding on Defendants.  Among its other provisions, the Constitution bans sex discrimination, which includes pregnancy discrimination.  Defendants engaged in actions that had a negative impact on the treatment of pregnant women.

88.     As a direct, legal, and proximate result of conduct described above, including Plaintiff's requests for accommodations and a leave of absence, Plaintiff's pregnancy, and Plaintiff having take a leave of absence (or because she was going to request a protected leave), Defendants retaliated against Plaintiff and terminated Plaintiff's employment, refused to assign her to a job, failed to rehire her, among other things.

89.     Accordingly, the actions of Defendants, as described herein were wrongful and in contravention of the express public policy of the State of California and the United States of America and the laws and regulations promulgated thereunder.

90.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, loss of wages, salary and benefits, all in an amount subject to proof at the time of trial, but in an amount not less than two hundred thousand dollars.

91.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

92.     The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff,

1    thereby justifying an award of punitive damages in a sum appropriate to punish and make an

2    example of Defendants, and each of them.

3

4                              **TWELFTH CAUSE OF ACTION**

5                                 **DECLARATORY RELIEF**

6                                   [Against all Defendants]

7            93.    Plaintiff hereby incorporates by reference each and every allegation contained in

8    this complaint as though fully set forth herein.

9            94.    California Government Code section 12920 sets forth the public policy of the

10   State of California as follows:

11           It is hereby declared as the public policy of this state that it is necessary to protect
             and safeguard the right and opportunity of all persons to seek, obtain, and hold
12           employment without discrimination or abridgment on account of race, religious
             creed, color, national origin, ancestry, physical disability, mental disability, medical
13           condition, genetic information, marital status, sex, gender, gender identity, gender
             expression, age, sexual orientation, or military and veteran status.
14
             It is recognized that the practice of denying employment opportunity and
15           discriminating in the terms of employment for these reasons foments domestic strife
             and unrest, deprives the state of the fullest utilization of its capacities for
16           development and advancement, and substantially and adversely affects the interests
             of employees, employers, and the public in general.
17
             Further, the practice of discrimination because of race, color, religion, sex, gender,
18           gender identity, gender expression, sexual orientation, marital status, national
             origin, ancestry, familial status, source of income, disability, or genetic information
19           in housing accommodations is declared to be against public policy.

20           It is the purpose of this part to provide effective remedies that will eliminate these
             discriminatory practices.
21
             This part shall be deemed an exercise of the police power of the state for the
22           protection of the welfare, health, and peace of the people of this state.

23           95.    California Government Code section 12920.5 embodies the intent of the

24   California legislature and states:

25                  In order to eliminate discrimination, it is necessary to provide
                    effective remedies that will both prevent and deter unlawful
26                  employment practices and redress the adverse effects of those
                    practices on aggrieved persons. To that end, this part shall be
27                  deemed an exercise of the Legislature's authority pursuant to
                    Section 1 of Article XIV of the California Constitution.
28

---

                                           18

96.     Moreover, California Government Code section1 2921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

97.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that Plaintiff's treatment was based on a non-discriminatory, legitimate reason and Plaintiff's disabilities, protected activities, perceived disabilities, pregnancy, medical issues, leaves of absence, and requests for accommodations and leaves of absence were not a substantial motivating reason for the decision to adversely affect her employment.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contention and shall assert its reason was non-discriminatory and legitimate.

98.     Pursuant to Code of Civil Procedure section 1060 and other applicable law, Plaintiff desires a judicial determination of his rights and duties, and a declaration that his disabilities, protected activities, perceived disabilities, pregnancy, medical issues, leaves of absence, and requests for accommodations and leaves of absence were a substantial motivating factor in the decision to terminate her, refused to assign her a job, refused to rehire, among other things.

99.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for himself and on behalf of employees of the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices.  *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

100.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of its obligations under the law to not engage in discriminatory

1    practices and violate the law.

2       101.    California Government Code section 12965(b) provides that an aggrieved party,

3    such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs.  "In civil

4    actions brought under this section, the court, in its discretion, may award to the prevailing party,

5    including the department, reasonable attorney's fees and costs, including expert witness fees."

6    Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing,

7    preventing, or deterring discrimination

8

9                                    **<u>PRAYER</u>**

10       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

11   follows:

12       1.      Compensation for all lost salary, wages, and benefits, and for mental and emotional

13   distress, humiliation, anguish, and other special and general damages according to proof but in

14   excess of the jurisdictional limit of this court;

15       2.      For compensatory and general damages in an amount according to proof;

16       3.      For exemplary and punitive damages against Defendants as allowable by law;

17       4.      Plaintiff seeks injunctive relief to restrain Defendants from engaging in further

18   discrimination of its employees, and to order Defendants to take all reasonable steps to prevent

19   discrimination from occurring, to promptly investigate claims of discrimination, and to prevent

20   retaliation;

21       5.      For declaratory relief;

22       6.      That Plaintiff be awarded attorney's fees and costs pursuant to section 12965 of the

23   California Government Code, and/or other applicable law; and

24

25

26

27

28

1     7.      For such other and further relief that is just and proper.

2

3     Dated: August 6, 2021                    HURWITZ, ORIHUELA & HAYES, LLP

4

5

6                                         By: __ *Nicolas Orihuela*_____

7                                             Nicolas Orihuela
                                              Attorneys for Plaintiff Pamela Martinez
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that this matter be submitted to and tried before a jury on all issues triable by a jury.

Dated: August 6, 2021                    HURWITZ, ORIHUELA & HAYES, LLP

By: ___*Nicolas Orihuela*_____

Nicolas Orihuela
Attorneys for Plaintiff Pamela Martinez

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 08/25/2021 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:21-cv-07277-ODW-JC   Document 1-1   Filed 09/10/21   Page 28 of 65   Page ID #:41

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Cory Hurwitz SBN 222026**<br>**Hurwitz, Orihuela & Hayes, LLP**<br>**5757 Wilshire Blvd Suite 503**<br>**Los Angeles, CA 90036**<br><br>TELEPHONE NO.:  **(323) 965-2103**          FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*  chh@hohlawyers.com<br>ATTORNEY FOR *(Name):*     **Plaintiff** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |
|---|
| STREET ADDRESS:  111 N Hill St<br>MAILING ADDRESS:  111 N Hill St<br>CITY AND ZIP CODE:  Los Angeles, CA 90012<br>BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |

| PLAINTIFF/PETITIONER:  Pamela Martinez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PPG Industries, Inc. | 21STCV29111 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Martinez |
|---|---|

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2.  I served copies of: ***Summons, Complaint, Civil Case Cover Sheet, Civil case cover sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Order pursuant to CCP, ADR Packet***

3.    a.  Party served *(specify name of party as shown on documents served):* ***BELCAN SERVICES GROUP LIMITED PARTNERSHIP***

    b.  [ **X** ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **Diana Ruiz , C.T. Corp Agent**

4.  Address where the party was served: ***330 N. Brand Blvd, Suite 700 Glendale, CA 91203***

5.  I served the party *(check proper box)*

    a.  [ **X** ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **8/11/2021** (2) at: **11:35 AM**

    b.  [   ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1)  [   ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2)  [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3)  [   ]  **(physical address unknown)** a person of at least 18 years of  age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4)  [   ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

**Page 1 of 3**

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | **Invoice # 4830171-02** |
|---|---|---|

| PLAINTIFF/PETITIONER: Pamela Martinez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PPG Industries, Inc. | 21STCV29111 |

on: _____   from: _____   **or** [ ] a declaration of mailing is attached.

    (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on: _____    (2) from: _____

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** (*specify means of service and authorizing code section*):

    [ ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of (*specify*):

  c. [ ] as occupant.

  d. [✖] On behalf of (*specify*): **BELCAN SERVICES GROUP LIMITED PARTNERSHIP**
    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)        [ ] 415.95 (business organization, form unknown)

    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)

    [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)

    [✖] 416.40 (association or partnership)    [ ] 416.90 (authorized person)

    [ ] 416.50 (public entity)    [ ] 415.46 (occupant)

                        [ ] other: _____

7.  **Person who served papers**

  a. Name: **James P Sands**

  b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**

  c. Telephone number: **909-664-9577**

  d. **The fee** for service was: **$76.00**

  e. I am:

    (1) [ ] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [✖] a registered California process server:

      (i) [ ] owner  [ ] employee  [✖] independent contractor.

      (ii)  Registration No.: **914**

      (iii)  County: **Los Angeles**

| PLAINTIFF/PETITIONER: Pamela Martinez | CASE NUMBER: |
| DEFENDANT/RESPONDENT: PPG Industries, Inc. | 21STCV29111 |

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**James P Sands**          Date: **08/13/2021**

Electronically FILED by Superior Court of California, County of Los Angeles on 08/25/2021 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Case 2:21-cv-07277-ODW-JC   Document 1-1   Filed 09/10/21   Page 31 of 65   Page ID #:44

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Cory Hurwitz SBN 222026**<br>**Hurwitz, Orihuela & Hayes, LLP**<br>**5757 Wilshire Blvd Suite 503**<br>**Los Angeles, CA 90036**<br><br>TELEPHONE NO.:  **(323) 965-2103**    FAX NO. *(Optional):*<br><br> E-MAIL ADDRESS *(Optional):*  chh@hohlawyers.com<br>ATTORNEY FOR *(Name):*    **Plaintiff** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |
|---|
| STREET ADDRESS:  111 N Hill St |
| MAILING ADDRESS:  111 N Hill St |
| CITY AND ZIP CODE:  Los Angeles, CA 90012 |
| BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |

| PLAINTIFF/PETITIONER:  Pamela Martinez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PPG Industries, Inc. | 21STCV29111 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Martinez |
|---|---|

(Separate proof of service is required for each party served.)

1.   At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2.   I served copies of:  ***Summons, Complaint, Civil Case Cover Sheet, Civil case cover sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Order pursuant to CCP, ADR Packet***

3.   a.  Party served *(specify name of party as shown on documents served):* ***PPG INDUSTRIES, INC.***

   b.  [ **✗** ]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **Kaitlyn Mannix, agent for csc**

4.   Address where the party was served: ***2710 Gateway Oaks Dr Ste 150N,  Sacramento, CA 95833***

5.   I served the party *(check proper box)*
   a.  [ **✗** ]   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **8/11/2021** (2) at: **02:35 PM**
   b.  [  ]   **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1)  [  ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2)  [  ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3)  [  ]   **(physical address unknown)** a person of at least 18 years of  age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4)  [  ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | **Invoice # 4830171-01** |
|---|---|---|

| PLAINTIFF/PETITIONER: Pamela Martinez<br>DEFENDANT/RESPONDENT: PPG Industries, Inc. | CASE NUMBER:<br>21STCV29111 |
|---|---|

on: _____ from: _____ **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: _____ (2) from: _____

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (*specify means of service and authorizing code section*):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (*specify*):

c. ☐ as occupant.

d. ☒ On behalf of (*specify*): **PPG INDUSTRIES, INC.**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Robert J. Mason**

b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**

c. Telephone number: **909-664-9577**

d. **The fee** for service was: **$76.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor.

(ii) Registration No.: **03-007**

(iii) County: **Placer**

| PLAINTIFF/PETITIONER: Pamela Martinez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PPG Industries, Inc. | 21STCV29111 |

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Robert J. Mason                    Date: **08/16/2021**

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 09/09/2021 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1   Brendan Y. Joy (SBN 254959)
        E-Mail:  bjoy@fisherphillips.com
2   Marianna Bertikian (SBN 322596)
        E-Mail:  mbertikian@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone: (213) 330-4500
5   Facsimile:  (213) 330-4501

6   Attorneys for Defendant
    BELCAN SERVICES GROUP LIMITED
7   PARTNERSHIP

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  PAMELA MARTINEZ,                    CASE NO.:  21STCV29111
                                        *[Unlimited Jurisdiction]*
12              Plaintiff,
                                        **DEFENDANT'S ANSWER AND**
13       v.                             **AFFIRMATIVE DEFENSES TO**
                                        **PLAINTIFF'S UNVERIFIED COMPLAINT**
14  PPG INDUSTRIES INC.; BELCAN         **FOR DAMAGES**
    SERVICES GROUP LIMITED
15  PARTNERSHIP; DOES 1 through 20,     *Assigned for all purposes to the*
                                        *Honorable Kevin C. Brazile, Dept. 20*
16              Defendants.

17                                      Complaint Filed:  August 6, 2021
                                        Trial Date:       Not set
18

19

20

21

22

23

24

25

26

27

28

Defendant BELCAN SERVICES GROUP LIMITED PARTNERSHIP ("Defendant") responds to Plaintiff PAMELA MARTINEZ's ("Plaintiff") unverified Complaint for damages (hereinafter referred to as "Complaint") as follows:

## ANSWER

Pursuant to California *Code of Civil Procedure* section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief or that Plaintiff has suffered, or will suffer, any loss or damage in the amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant or any of its respective past or present agents, representatives and/or employees. Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: Code of Civil Procedure sections 335.1, 338 and 340, subdivision (a), and California Government Code sections 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is estopped by her conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

4.      By her conduct, Plaintiff waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred by the doctrine of unclean hands.

ANSWER AND AFFIRMATIVE DEFENSES
FP 41580756.1

**SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     To the extent Plaintiff has suffered any symptoms of mental or emotional distress or injury, it was the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Any recovery on Plaintiff's Complaint, or any causes of action contained therein, is barred in that this Court lacks jurisdiction over such claims because Plaintiff failed to perfect a right of action and/or exhaust administrative remedies prior to commencing this civil action as required by the applicable law including, without limitation, the California Fair Employment and Housing Act ("the FEHA") and/or failed to exhaust internal grievance procedures.

**NINTH AFFIRMATIVE DEFENSE**

9.     Even if Defendant's actions are found to have been partially motivated by discriminatory and/or retaliatory motive (which Defendant expressly denies), Defendant cannot be held liable, in whole or in part, because it also had legitimate non-discriminatory and non-retaliatory motives for its actions, which alone, would have induced it to make the same personnel decision(s) and/or personnel action(s).

**TENTH AFFIRMATIVE DEFENSE**

10.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's

3

constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     There existed legitimate, non-discriminatory and non-retaliatory reasons for certain alleged acts of Defendant of which Plaintiff complains, and therefore Plaintiff's claims are barred, in whole or in part, because all acts or omissions of Defendant affecting the terms and/or conditions of Plaintiff's employment were for legitimate non-discriminatory and non-retaliatory reason(s), were justified, privileged, based on her at-will employment relationship and done with good and just cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Any act, or omission of act, of Defendant, was not a substantial factor in bringing about Plaintiff's injuries and damages, if any, and therefore, was not the proximate cause of any injuries or damages suffered by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     The alleged acts of which Plaintiff complains were based on reasonable factors other than Plaintiff's disability and/or purported claims of discrimination and retaliation or any other purported complaint or of other prohibited factor or characteristic.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions or omissions of Plaintiff, or by some other party, entity or individual.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff failed to cooperate in the reasonable accommodation process.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

///

4

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Any and all conduct of which Plaintiff complains in connection with allegations of retaliation, discrimination, accommodation or failure thereof, and engaging in the interactive process or failure thereof, and which is attributed to Defendant or its agents or employees was a just and proper exercise of management's discretion on the part of Defendant or its agents or employees.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff was provided reasonable accommodations.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     The acts of the other named Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with this answering Defendant and without the knowledge or consent of this answering Defendant and this answering Defendant may not be held liable therefor.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's claim for failure to prevent discrimination, harassment, and/or retaliation is barred, and/or any recovery of damages is precluded insofar as Plaintiff cannot establish her underlying predicate claims.  *Trujillo v.  North County Transit Dist.* (1998) 63 Cal.App.4th 280.

///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.     Plaintiff did not exercise ordinary care on her own behalf, and her own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

**RESERVATION OF RIGHTS**

Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses are available.   Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, this answering Defendant prays as follows:

1.   That Plaintiff takes nothing by her Complaint for damages;

2.   That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.   That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.   That the court award such other and further relief as it deems appropriate.


DATE:  September 9, 2021                    FISHER & PHILLIPS LLP


By: _____
Brendan Y. Joy
Marianna Bertikian
Attorneys for Defendant
BELCAN SERVICES GROUP LIMITED
PARTNERSHIP

6

ANSWER AND AFFIRMATIVE DEFENSES

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 9, 2021, I served the following document(s) **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Nicolas Orihuela, Esq.<br>Cory H. Hurwitz, Esq.<br>**HURWITZ, ORIHUELA & HAYES, LLP**<br>5757 Wilshire Blvd., Suite 503<br>Los Angeles, CA 90036 | *Attorneys for Plaintiff Pamela Martinez*<br><br>Tel:   (323) 965-2103<br>Fax:  (323) 965-2146<br>Email: no@hohlawyers.com<br>       chh@hohlawyers.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 9, 2021, at Los Angeles, California.

| | |
|---|---|
| Cina Kim | By: _____ |
| _____ | |
| Print Name | Signature |

FP 41580756.1

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2021 04:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:21-cv-07277-ODW-JC   Document 1-1   Filed 09/10/21   Page 43 of 65   Page ID #:56

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nicolas Orihuela (Bar No. 221898)<br>Hurwitz, Orihuela & Hayes LLP<br>5757 Wilshire Blvd. Suite 503, Los Angeles, CA 90036<br><br>TELEPHONE NO. (323) 965-2103   FAX NO. *(Optional):* (323) 965-2146<br>ATTORNEY FOR *(Name):* Plaintiff Pamela Martinez | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
MARTINEZ V. PPG INDUSTRIES INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV29111<br>JUDGE<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 12
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 6, 2021

Nicolas Orihuela
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: MARTINEZ V. PPG INDUSTRIES, INC. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: MARTINEZ V. PPG INDUSTRIES, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: MARTINEZ V. PPG INDUSTRIES, INC. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: MARTINEZ V. PPG INDUSTRIES, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| 1. ✓ 2.  3.  4.  5.  6.  7.  8.  9.  10.  11. | 24811 Ave Rockefeller |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Valencia | CA | 91355 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 6, 2021

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/06/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV29111 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kevin C. Brazile | 20 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/09/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/13/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _C. Cortez_ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Pamela Martinez

DEFENDANT:
PPG Industries, Inc. et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV29111

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 12/10/2021 | 8:30 AM | 20 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___08/13/2021___

_____
Kevin C. Brazile / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Nicolas Orihuela
5757 Wilshire Blvd Suite 503

Los Angeles, CA 90036

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___08/13/2021___

By _C. Cortez_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/13/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Cortez _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Pamela Martinez

DEFENDANT(S):

PPG Industries, Inc. et al

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: 21STCV29111 |
|---|---|

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>12/10/2021</u> at <u>8:30 AM</u> in department <u>20</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>08/13/2021</u>

_____
Kevin C. Brazile / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/13/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Cortez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Pamela Martinez | |
| DEFENDANT/RESPONDENT:<br>PPG Industries, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV29111 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Nicolas  Orihuela
Hurwitz, Orihuela & Hayes, LLP
5757 Wilshire Blvd Suite 503
Los Angeles, CA  90036

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/13/2021                    By:  C. Cortez _____
                                          Deputy Clerk

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2021 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  CRAIG G. STAUB, Bar No. 172857
   cstaub@littler.com
2  JOSEPH A. GOVEA, Bar No. 319683
   jgovea@littler.com
3  LITTLER MENDELSON P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, California  90071
5  Telephone:    213.443.4300
   Fax No.:    213.443.4299
6
   Attorneys for Defendant
7  PPG INDUSTRIES, INC.

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF LOS ANGELES

10

11  PAMELA MARTINEZ,                          Case No.  21STCV29111

12              Plaintiff,                     ASSIGNED FOR ALL PURPOSES TO
                                               HON. KEVIN BRAZILLE
13       v.
                                               **DEFENDANT PPG INDUSTRIES, INC.'S**
14  PPG INDUSTRIES INC.; BELCAN SERVICES       **ANSWER TO PLAINTIFF'S**
    GROUP LIMITED PARTNERSHIP; DOES 1          **UNVERIFIED COMPLAINT**
15  through 20,
                                               Trial Date:  None Set
16              Defendants.                     Complaint Filed:  August 6, 2021

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

                              1
        DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant PPG Industries, Inc. ("Defendant") hereby answers the unverified Complaint ("Complaint") filed by Plaintiff Pamela Martinez ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30 subdivision (d), Defendant generally denies each and every allegation contained in the Complaint.  Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant, or anyone acting on its behalf. Defendant further denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, Defendant assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

2.     The Complaint, and each purported cause of action therein, is uncertain.

### THIRD AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Basis for Employment Decision)

3.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory, non-harassing, and non-retaliatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

4.     The Complaint, and each purported cause of action therein, is barred, in whole or in

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

part, because Defendant's conduct (and the conduct of Defendant's officers, managers, or employees while acting in the course and scope of their employment) is protected by the managerial privilege. All actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

5.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of avoidable consequences. *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026.

## SIXTH AFFIRMATIVE DEFENSE

### (Prompt and Appropriate Corrective Action)

6.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, because, at all relevant times, Defendant took prompt and appropriate corrective action in response to the workplace concerns of Plaintiff, thereby satisfying all legal obligations Defendant had to Plaintiff, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Same Result/Mixed Motive)

7.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, if any unlawful discriminatory or retaliatory motive existed in connection with any employment decision involving Plaintiff (which Defendant denies), any and all claims for damages are nevertheless barred because such employment decision would have been the same without such unlawful discriminatory or retaliatory motive.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of waiver.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

3

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

11.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Independent Private Right of Action for Failure to Prevent)**

12.     Insofar as Plaintiff asserts a cause of action for failure to prevent discrimination, harassment, and retaliation, such cause of action is barred as a matter of law because there is no independent private right of action for this claim. *Dept. of Fair Employment And Housing v. Lyddan Law Group, LLP*, Case No. 10-04-P, FEHC Precedential Decs. 2010 (Oct. 21, 2010).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

13.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation including but not limited to those set forth in California Government Code sections 12960 and 12965(b) and/or California Code of Civil Procedure sections 312, 335.1, 338(a), 340(a) and 343.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

14.     To the extent that during the course of this litigation Defendant acquires evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, or

2  terminated, such after-acquired evidence shall bar Plaintiff's causes of action, or shall reduce damages

3  as provided by law.

4  ### FIFTEENTH AFFIRMATIVE DEFENSE

5  ### (Failure to Exhaust Administrative Remedies)

6  15.   The Complaint, and each purported cause of action therein, is barred, in whole or in

7  part, to the extent Plaintiff failed to exhaust her administrative remedies, including those with the

8  California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment

9  Opportunity Commission ("EEOC").

10  ### SIXTEENTH AFFIRMATIVE DEFENSE

11  ### (Plaintiff's Breach of Duties)

12  16.   Defendant is informed and believe that discovery and investigation will reveal that, and

13  therefore Defendant alleges that the Complaint, and each purported cause of action therein, is barred,

14  in whole or in part, by Plaintiff's own breach of the duties owed to Defendant pursuant to California

15  Labor Code sections 2854-2859.

16  ### SEVENTEENTH AFFIRMATIVE DEFENSE

17  ### (Consent)

18  17.   The Complaint, and each purported cause of action therein, is barred, in whole or in

19  part, by the doctrine of consent.

20  ### EIGHTEENTH AFFIRMATIVE DEFENSE

21  ### (Workers' Compensation Exclusivity and Preemption)

22  18.   The Complaint, and each purported cause of action therein, including those seeking

23  damages for emotional and/or physical injury, is barred, in whole or in part, by the exclusive remedy

24  provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.,*

25  inasmuch as they involve an employee/employer relationship subject to workers' compensation

26  coverage, conduct of Plaintiff in the course and scope of her employment, and an injury alleged by

27  Plaintiff to have been proximately caused by her employment and, this Court lacks subject matter

28  jurisdiction over those claims.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

5

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Damages and Injuries Caused by Outside Factors)

19.     To the extent Plaintiff suffered damages, injuries, or emotional distress, which Defendant denies, such damages, injuries, and emotional distress were proximately caused by factors other than Plaintiff's employment, the actions of Defendant, or the actions of anyone acting on Defendant's behalf.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiff's Contribution to Emotional Distress)

20.     To the extent Plaintiff suffered emotional distress, which Defendant denies, Plaintiff contributed to her own distress and, by reason of her contribution, any remedy to which she might be entitled must be denied or reduced.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Emotional Distress Damages Unconstitutional)

21.     To the extent Plaintiff suffered emotional distress, which Defendant denies, Plaintiff is not entitled to recover emotional distress damages because California's system of emotional distress damages is unconstitutional under the United States and California Constitutions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Offset or Setoff)

22.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrines of offset, setoff, and/or recoupment. Any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other monies and/or benefits that Plaintiff has received or will receive, whether through employment, disability insurance, unemployment insurance, workers' compensation or otherwise.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Bad Faith)

23.     Plaintiff's claims are unreasonable, were filed in bad faith and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

6

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    128.5 and/or California Government Code section 12965, subdivision (b).

2                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3                       **(Punitive Damages Unconstitutional)**

4            24.    Plaintiff is not entitled to recover punitive damages because the imposition of such

5    damages violates the United States and California Constitutions, in that: (1) such damages are so

6    punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be

7    given to defendant in criminal proceedings under the United States and California Constitutions;

8    (2) such damages constitute an impermissible restriction on speech and a violation of the First

9    Amendment of the United States Constitution; (3) the imposition of such damages would violate

10   Defendant's rights to due process and/or equal protection under the law and under the United States

11   and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in

12   that it imposes an undue burden on interstate commerce.

13                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

14                          **(No Prejudgment Interest)**

15           25.    The Complaint, and each purported cause of action therein, is barred, in whole or in

16   part, because Plaintiff's alleged damages, which Defendant denies, are not sufficiently certain to allow

17   an award of prejudgment interest.

18                    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

19                            **(Failure to Mitigate)**

20           26.    The Complaint, and each purported cause of action therein, is barred, in whole or in

21   part, to the extent Plaintiff failed to mitigate her alleged damages, if any. Any damages or other relief

22   awarded to Plaintiff must be reduced or limited by reason of Plaintiff's failure to mitigate.

23                    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

24                         **(Outside Course and Scope)**

25           27.    The Complaint, and each purported cause of action therein, is barred, in whole or in

26   part, because to the extent any employee engaged in any unlawful conduct, such conduct was

27   committed outside the course and scope of such employee's employment, was not authorized, adopted

28   or ratified by Defendant, and/or Defendant did not know nor should it have known of such conduct.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2

**(Comparative Liability)**

3       28.     To the extent Plaintiff can establish any of her causes of action, which Defendant

4    denies, Defendant can be liable to Plaintiff only for the amount of non-economic damages attributable

5    to Defendant in direct proportion to its percentage of fault, if any, under California Civil Code section

6    1431, *et seq.*

7

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

8

**(No Unlawful Policy or Proximate Cause)**

9       29.     The Complaint, and each purported cause of action therein, is barred, in whole or in

10   part, because Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom,

11   practice, and/or procedure promulgated and/or tolerated by Defendant.

12

**THIRTIETH AFFIRMATIVE DEFENSE**

13

**(No Reasonable Accommodation)**

14      30.     The Complaint, and each purported cause of action therein, is barred, in whole or in

15   part, because, to the extent Plaintiff requested and qualified for a reasonable accommodation, no

16   reasonable accommodation existed which would have permitted Plaintiff to perform the essential

17   functions of her position.

18

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

19

**(Essential Job Functions)**

20      31.     The Complaint and each purported cause of action set forth therein, or some of them,

21   are barred because to the extent that the Court may find that Plaintiff does have a disability that limits

22   a major life activity and that Defendant had an obligation to reasonably accommodate such a disability,

23   Plaintiff could not perform the essential functions of her job, with or without reasonable

24   accommodation.

25

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

26

**(Failure to Engage in Interactive Process)**

27      32.     The Complaint, and each purported cause of action therein, is barred, in whole or in

28   part, to the extent she failed to properly and in good faith engage in the interactive process with

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant regarding any requested accommodation and, to the extent that Plaintiff initiated any interactive process, Defendant engaged in the interactive process in good faith based upon the facts and circumstances known to Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Undue Hardship)

33.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, because accommodation of Plaintiff's alleged disability would have imposed an undue hardship.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Risk to Health and Safety)

34.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, because even with reasonable accommodations, Plaintiff was unable to perform the essential functions of Plaintiff's position without endangering Plaintiff's health or safety or the health or safety of others.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Occupational Qualification)

35.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the conduct towards Plaintiff was fully justified based upon differences in individual performance, qualifications, skill, effort, responsibility, merit, or other bona fide occupational qualification.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff Breached the Covenant of Good Faith and Fair Dealing)

36.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiff's own breach of the covenant of good faith and fair dealing.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

37.    As a separate and distinct defense, Defendant alleges that each purported cause of action in the Complaint, is barred, in whole or in part, because Plaintiff was an at-will employee and therefore could be terminated with or without cause at any time for any reason.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Defendant has not yet had an opportunity to fully investigate Plaintiff's Complaint and reserves the right to amend this Answer to add additional, as of yet unknown, defenses which may later be determined to be applicable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment as follows:

1.   That Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.   That Plaintiff take nothing by way of her Complaint against Defendant;

3.   That Defendant be awarded its costs of suit and attorney's fees; and

4.   For such other and further relief as the Court deems just and proper.

Dated: September 8, 2021

LITTLER MENDELSON P.C.

_____

Craig G. Staub
Joseph A. Govea
Attorneys for Defendant
PPG INDUSTRIES, INC.

4812-8754-2010.1 / 034801-2254

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am employed in Los Angeles County, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California  90071.  On this 8th day of September, 2021, I served a copy of the following document(s):

**DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on interested parties as follows:

| | |
|---|---|
| Nicolas Orihuela<br>Cory H. Hurwitz<br>HURWITZ, ORIHUELA & HA YES, LLP<br>5757 Wilshire Blvd, Suite 503<br>Los Angeles, California 90036<br>Telephone: (323) 965-2103<br>Facsimile: (323) 965-2146 | *Attorneys For Plaintiff*<br>PAMELA MARTINEZ<br><br>Emails: no@hohlawyers.com;<br>chh@hohlawyers.com |

(BY U.S. MAIL) I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above or on the attached Service List and placed the envelope for collection and mailing, following Littler Mendelson's ordinary business practices. I am readily familiar with Littler Mendelson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

(BY ELECTRONIC MAIL) Based on a court order/rule (CCP 1010.66; CRC 2.251) or an agreement of the parties to accept service by e-mail or other electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses above or on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is vbernardo@littler.com:

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 8th day of September, 2021, at Los Angeles, California.

_____
Venus Bernardo

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 10, 2021, I served the foregoing document entitled **CIVIL CASE COVER SHEET** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Nicolas Orihuela, Esq.<br>Cory H. Hurwitz, Esq.<br>**HURWITZ, ORIHUELA &**<br>**HAYES, LLP**<br>5757 Wilshire Blvd., Suite 503<br>Los Angeles, CA 90036 | *Attorneys for Plaintiff Pamela Martinez*<br><br>Email:  no@hohlawyers.com<br>        chh@hohlawyers.com |
| Criag G. Staub, Esq.<br>Joseph A. Govea, Esq.<br>**LITTLER MENDELSON, P.C.**<br>633 W. 5th St., 63rd Floor<br>Los Angeles, CA 90071 | *Attorneys for Defendant PPG*<br>*Industries, Inc.*<br><br>Email:  cstaub@littler.com<br>        jgovea@littler.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 10, 2021 at Los Angeles, California.

| | | |
|---|---|---|
| Cina Kim | By: | */s/ Cina Kim* |
| Print Name | | Signature |

CERTIFICATE OF SERVICE