JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07277-ODW (JCx) | Date | September 28, 2021 |
| Title | *Pamela Martinez v. PPG Industries Inc. et al.* | | |

| | | |
|---|---|---|
| Present: The Honorable | Otis D. Wright II, United States District Judge | |
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**

     On September 10, 2021, Defendant Belcan Services Group Limited Partnership removed this action based on alleged diversity jurisdiction. (Notice of Removal, ECF No. 1.) Upon reviewing the Notice of Removal and pleadings, the Court ordered Defendant to show cause ("OSC") why this action should not be remanded for lack of subject matter jurisdiction. (OSC, ECF No. 9.) The Court directed Defendant to address allegations of amount in controversy and citizenship and specifically noted it found Defendant's citizenship allegations insufficient because they did not allege the citizenship of all Defendant's partners or all of its partners' members. (OSC 2.)

     Upon careful consideration of Defendant's Response to the Court's OSC, (Decls., ECF No. 15), the Court finds Defendant fails to establish the Court's subject matter jurisdiction over this action. Defendant sufficiently identifies allegations in Plaintiff's Complaint that satisfy the amount in controversy requirement. (*See* Suppl. Decl. Marianna Bertikian ¶ 5, ECF No. 15.) However, Defendant again fails to allege the citizenship of all of its members/partners. (*See* Suppl. Decl. Paul D. Dorger ("Dorger Decl.") ¶¶ 2–11, ECF No. 15-1.)

     When determining the citizenship of an unincorporated entity, including a limited partnership, courts must look to *all* the entity's members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."). Similarly, a limited liability company "is a citizen of every state of which

its owners/members are citizens." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

Defendant fails to affirmatively allege the citizenship of all of its members. (*See* Dorger Decl. ¶¶ 2–11.) Defendant provides eight levels of limited liability companies' and partnerships' members; however, for limited partnership AE Industrial Partners Extended Value Fund, LP, Defendant merely alleges, "None of its members are citizens of California." (*Id.* ¶ 11.) "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Negative allegations such as Defendant's do not suffice. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing" subject matter jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). As Defendant is either unwilling or unable to affirmatively allege the citizenship of all of its members, it has failed to satisfy its burden to establish subject matter jurisdiction.

Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012, Case Number 21STCV29111. All dates and deadlines are vacated. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |